**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **PHILLIP L. BURNETTE II,** | § | |
| | § | |
| **V.** | § | **A-16-CV-577-SS** |
| | § | |
| **RATEGENIUS LOAN SERVICES** | § | |

**ORDER ON *IN FORMA PAUPERIS* STATUS AND
REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS**

TO:   THE HONORABLE SAM SPARKS
       UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff Phillip L. Burnette's ("Burnette") Application to Proceed *In Forma Pauperis* (Dkt. No. 2); Financial Affidavit in Support; Original Complaint (Dkt. No. 1); and Motion for Appointment of Counsel (Dkt. No. 3). The District Court referred the motion to the undersigned Magistrate Judge for a determination on the merits pursuant to a standing order of the Court and 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C to the Local Rules of the United States District Court for the Western District of Texas.

**I.  APPLICATION TO PROCEED *IN FORMA PAUPERIS***

After reviewing Burnette's Application to Proceed *In Forma Pauperis*, the Court finds that, although he is on the borderline[1] of indigency status, he is indigent. Accordingly, the Court **HEREBY GRANTS** Burnette *in forma pauperis* status and **ORDERS** his Complaint be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28

---

[1]Burnette's financial affidavit indicates that in the last twelve months he received a $13,000 inheritance and approximately $6000 in self-employment wages. He lists his expenses as $490 per month as he currently lives with his mother.

U.S.C. § 1915(e). Burnette is further advised that although he has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this Court has conducted a § 1915(e) review of the claims made in Burnette's Complaint and is recommending his claims be dismissed under 28 U.S.C. § 1915(e). Therefore, **service upon the Defendants should be withheld** pending the District Court's review of the recommendations made in this report.   If the District Court declines to adopt the recommendations, then service should be issued at that time upon the Defendants.

## II.  SECTION 1915(e)(2) FRIVOLOUSNESS REVIEW

Because Burnette has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under §1915(e)(2), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2). "A complaint filed IFP may be dismissed as frivolous if it lacks an arguable basis in law or fact," *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995).

Pro se complaints are liberally construed in favor of the plaintiff.  *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *see also Watts v. Graves*, 720 F.2d 1416, 1419 (5th Cir. 1983). In deciding whether a complaint

2

states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Burnette claims that, while employed at Rategenius Loan Services, his employer interfered with his rights to take leave pursuant to the Family and Medical Leave Act by failing to give him adequate notice of those rights. 29 U.S.C. § 2615(a). Additionally, he claims he was terminated on May 19, 2014, in retaliation for giving notice to his employer of a potentially FMLA eligible condition.

Burnette asserts that he was diagnosed with syncope (temporary loss of consciousness due to low blood pressure) on April 29, 2014, and gave notice to his employer of that diagnosis on April 30, 2014. Burnette maintains that prior to this, he had been having issues with dizzy spells and loss of consciousness in the summer and fall of 2013, but had not yet been diagnosed with syncope. He pleads that his employer was aware of this condition and that he had discussed it with a supervisor. Burnette was in an automobile accident on December 13, 2013, in which he hit a house. According to Burnette, the incident was investigated by the police for driving while intoxicated. Burnette notified his Vice President of the accident (although he failed to mention the DWI investigation),

who allowed him to work remotely for four months in order to minimize the dangers of driving. Shortly after he informed his employer of his syncope diagnosis, on May 5, 2015, Human Resources Manager Jacklyn Box requested a copy of a doctor's note describing the condition. The pleadings are silent regarding whether Burnette produced any such note, but the Complaint does state that Burnette was terminated on May 19, 2014, for two stated reasons: (1) failure to timely produce a doctor's note; and (2) lying about the nature of the accident by omitting any mention of the DWI investigation. (Burnette admits in his pleadings that he was eventually charged and arrested for DWI. There is no mention of the disposition of this charge.)

### A.    FMLA Interference Claim

The FMLA provides that employers with fifty employees or more provide a qualified employee up to twelve weeks of unpaid leave within a twelve-month period if he or she has a "serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612. A "serious health condition" is defined as an "illness, injury, impairment or physical or mental condition that involves. . . continuing treatment by a health care provider." 29 U.S.C. § 2611(11). To protect the rights granted by the FMLA, the act prohibits an employer from "interfer[ing] with, restrain[ing], or deny[ing] the exercise of or the attempt to exercise" an employee's right to take leave. 29 U.S.C. § 2615(a). "Interfering with the exercise of an employee's rights would include, for example, not only refusing to authorize FMLA leave, but discouraging an employee from using such leave." 29 C.F.R. § 825.220. Additionally, "[t]he failure to notify an employee of her rights under the FMLA can constitute interference if it affects the employee's rights under the FMLA." *Liston v. Nevada ex rel. its Dept. of Bus. and Indus.*, 311 Fed. Appx. 1000, 1002 (9th Cir. 2009) (unpublished) (citing *Xin Liu v. Amway Corp.*, 347 F.3d 1125, 1133–34 (9th Cir. 2003). But the FMLA does not provide relief "unless the employee has been

4

prejudiced by the violation." *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89 (2002) and 29 U.S.C. § 2617(a)(1)).

In this case, Burnette is apparently arguing that he should have received notice of his rights pursuant to the FMLA when he informed his employer of his diagnosis on April 30, 2014.  In order to establish a prima facie case of interference under the FMLA an employee must show: (1) he was an eligible employee under the FMLA; (2) the employer was subject to the FMLA's requirements; (3) he was entitled to FMLA leave; (4) he gave notice to the employer of his intent to take FMLA leave; and (5) he was denied an entitlement under the FMLA, or the employer failed to respect the employee's FMLA entitlements. *See Morgan v. Neiman–Marcus Group, Inc./Neiman–Marcus Direct*, 2005 WL 3500314, at *4 (N.D. Tex. Dec. 20, 2005).  It is evident from the face of the pleadings that Burnette cannot make out a claim for FMLA interference.  He has failed to plead—and even construing the complaint broadly, he has failed to demonstrate—that he was entitled to FMLA leave, as he continued to perform his job remotely for four months while suffering from syncope.  He therefore did not qualify as a person "unable to perform the functions of the position" as required to be eligible for FMLA leave under the statute. 29 U.S.C. § 2612.

Additionally, Burnette has failed to plead any facts that would demonstrate that he was prejudiced by any interference, had any occurred.  Prejudice to the employee is a necessary element because "the statutory cause of action for FMLA violations, provides only for compensatory—and not punitive—damages." *Roseboro v. Billington*, 606 F. Supp. 2d 104, 108 (D. D.C. 2009) (citation and footnote omitted).  Thus, "[a]n FMLA violation prejudices an employee only when the 'employee loses compensation or benefits by reason of the violation, sustains other monetary losses as a direct result of the violation, or suffers some loss in employment status remediable through appropriate equitable relief.'" *Id.* (quoting *Reed v. Buckeye Fire Equip.*, 241 Fed. Appx. 917, 924

5

(4th Cir. 2007)) (citations omitted).  Burnette has failed to plead any facts showing he was prejudiced by his employer not apprising him of his FMLA rights. While he argues that he could have made different choices and moved closer to work so that he did not need to drive, those are not the types of things within the scope of the FMLA. The FMLA merely entitles an employee to leave without pay for a qualifying medical condition, and there is nothing in Burnette's pleadings indicating that he wished to take—assuming he was qualified to take—unpaid leave.  Further, Burnette admits that he did not inform his employer of the DWI investigation when he disclosed the accident that led to his beginning to work remotely, and pleads that this non-disclosure was an independent basis for his termination.  This too defeats any claim of prejudice.  Burnette's own pleadings show that he would have been terminated regardless of any rights he did or did not have under the FMLA, and thus his employer's failure to notify him of those rights could not have caused him any harm.

### B.    Retaliation Claim

A prima facie case of FMLA retaliation requires that the plaintiff demonstrate: (1) he was protected by FMLA; (2) he was subject to an adverse employment decision; and either (3) he was treated less favorably than an employee who had not requested leave under FMLA or the adverse decision was made because he took FMLA leave. 29 U.S.C. § 2615(a)(2); *Elsensohn v. St. Tammany Parish Sheriff's Office,* 530 F.3d 368, 372 (5th Cir. 2008); *Hunt v. Rapides Healthcare System, LLC*, 277 F.3d 757, 768 (5th Cir. 2001). In this case, Burnette did not request and did not take FMLA leave. Thus, he could not have been retaliated against on that basis. The Court finds this claim is also frivolous.

### III.  ORDERS AND RECOMMENDATIONS

In accordance with the foregoing discussion, the Court **HEREBY GRANTS** Burnette *in forma pauperis* status. Service upon Defendant should be withheld pending the District Court's

6

review of the recommendations made in this report. The undersigned **FURTHER RECOMMENDS** that the District Court **DISMISS** this cause of action pursuant to 28 U.S.C. § 1915(e)(2)(B). **IT IS FURTHER ORDERED that** Motion for Appointment of Counsel (Dkt. No. 3) is **DENIED AS MOOT. IT IS LASTLY ORDERED** that this cause of action is **REMOVED** from the undersigned magistrate's docket and **RETURNED** to the docket of the Honorable Sam Sparks.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 23rd day of May, 2016.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

7